**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Christian Reel,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Respondents. | CV 12-8084-PCT-JAT (JFM)<br><br>**ORDER** |

Pending before the Court is Petitioner Shawn Reel's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). (Doc. 1). Respondents filed an Answer to the Petition. (Doc. 11). Petitioner filed a Reply. (Doc. 14). The case was assigned to a Magistrate Judge and he issued a Report and Recommendation ("R & R"), recommending that this Court deny the Petition and the certificate of appealability. (Doc. 15 at 1, 25). Petitioner filed objections ("Objections") to the R & R. (Doc. 17). The Court now reviews Petitioner's Objections, and rules on the Petition and the request for certificate of appealability.

I.      **Factual and Procedural Background**

The R & R summarized the factual and procedural history, and Petitioner did not object to this history. (Doc. 15 at 1-5; Doc. 17). The Court adopts the R & R's history in this case. For ease of reference, that history is as follows:

> **Facts:**   Petitioner was enlisted by D.M. to supervise her 14 year old daughter, K.M., every Wednesday night while the mother worked the grave

yard shift.  Over the course of the next month or so, Petitioner engaged in sexual intercourse with K.M. approximately 30 to 40 times, as well as oral sex on each occasion.  A suggestive email between Petitioner and K.M. was discovered, an investigation ensued, the victim described the conduct, Petitioner made incriminating remarks in a phone confrontation with the victim, incriminating physical evidence was recovered, and Petitioner admitted to the conduct.  [Doc. 14 at 3-4].

**Proceedings at Trial:**  Petitioner was indicted in Yavapai County Superior Court on a 17 count indictment alleging "sexual intercourse or oral sexual contact" between Petitioner and the victim on dates ranging from December 17, 2008 through February 5, 2009.  [Doc. 11-1 at 21-23].  An Addendum was filed alleging the crimes were "dangerous crimes against children" under the Arizona statues.  [*Id.* at 25-26].

Subsequently counsel filed a Motion to remand the matter to the grand jury for a new finding of probable cause, arguing that:  (1) testimony before the grand jury about statements by Petitioner's wife violated the marital privilege under Arizona law; (2) there was improper testimony about potential punishment; and (3) the testifying office mischaracterized the evidence about Petitioner's motivation and that the emails were sexually suggestive.  [*Id.* at 28-40].  The motion was apparently not ruled upon.

On June 9, 2009, Petitioner entered into a written Plea Agreement, wherein Petitioner agreed to plead guilty to one count of sexual conduct with a minor, and three counts of attempted sexual conduct with a minor, with the stipulation of a minimum sentence of [twenty] years on the first charge, and lifetime probation on the remaining charges, and that all prison terms would be flat time.  [*Id.* at 51-58].  In exchange, the remaining charges were dismissed, and a cap was placed on restitution.  [*Id.*]

Petitioner entered his guilty plea on the same date.  In the course of eliciting a factual basis, the Court inquired about Petitioner's conduct with the minor:

> THE COURT:  And in the time frame December 17th to 23rd, 2008, did you engage in sexual intercourse or oral sexual conduct with [K.M.]?
>
> THE DEFENDANT [aka "Petitioner"]:  Yes, sir.
>
> THE COURT:  Which was it? Both of those or –
>
> THE DEFENDANT:  Both, sir.
>
> THE COURT:  Okay. So oral sex as well as vaginal sex?
>
> THE DEFENDANT: Yes, sir.

1  THE COURT:   On the time frame December -- Christmas
2  Eve, December 24th to December 30th, 2008, did you have
   sex with her in the same fashion or attempt to have sex with
3  her in the same fashion?

4  THE DEFENDANT:  Yes, sir.

5  THE COURT:  Which was it? Did you in fact engage in oral
   sex?
6
   THE DEFENDANT:  I think it was vaginal sex.
7
   THE COURT:  Vaginal sex.  And for Count V, talking about
8  attempted sexual conduct with a minor, also.  December 31st,
   so New Year's Eve 2008 to January 6th, the first week of
9  2009, did you again have sex with [K.M.]?

10  THE DEFENDANT:  Yes, sir.

11  THE COURT:  Vaginal sex?

12  THE DEFENDANT:  Yes, sir.

13  THE COURT:  And then finally, February 5th, 2009, did you
   have vaginal sex with [K.M.] on that occasion?
14
   THE DEFENDANT:  Yes, sir.
15

16  [*Id.* at 92-93].  The Court then asked for additions to the factual basis from
   the prosecution and defense counsel.  Defense counsel replied:
17

18  MR. GUNDACKER:   Judge, for clarification, I think  my
   client answered he believed on one of the counts that it was
19  sexual intercourse.  And I think the reason for that answer is -
   - the indictment is charged the way it is because I think the
20  victim stated that they had sex at least twice a week during
   the certain course of a period of time, and that's the way the
21  indictment is charged.  And that is why, I think, the plea
   agreement alternates counts that he is pleading to, if you just
22  plead to one count per week.  And I think that's what my
23  client is basically saying.

24
   If you are asking him to recall specifically a date, he can't,
25  but he certainly can admit that once a week throughout that
   time frame he had sexual intercourse with the victim.  Is that
26  correct?

27
   THE DEFENDANT:  Yes, sir.
28

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

>THE COURT:   That was how you were answering my question, Mr. Reel?
>
>THE DEFENDANT:  Yes, sir.

[*Id.* at 93-94].  The Court accepted the plea, and set sentencing.  Petitioner appeared for sentencing on July 6, 2009 and was sentenced to the presumptive sentence of [twenty] years flat time on the completed sexual conduct charge, and to a suspended sentence and lifetime probation on the remaining counts.  [*Id.* at 99-113, 115-18].

**Proceedings on Direct Appeal:**  Petitioner did not file a direct appeal.  [Doc. 1].

**Proceedings on Post-Conviction Relief ["PCR"]:**  On September 28, 2009, Petitioner filed a [PCR Notice].  [Doc. 11-1 at 120-24].  Petitioner then (with the assistance of advisory counsel) filed a pro per [PCR Petition], raising arguments that:  (1) the court lacked subject matter jurisdiction as a result of a fatally flawed indictment; (2) the plea was not voluntarily and intelligently made; and (3) counsel was ineffective.  [*Id.* at 126-44].

The PCR court found that none of the claims were colorable and summarily denied the petition.  [*Id.* at 146-47].

Petitioner then filed a Petition for Review, raising the same issues.  [*Id.* at 149-61].  The Arizona Court of Appeals summarily denied review on March 28, 2012.  [*Id.* at 165].

**Present Federal Habeas Proceedings:**

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 30, 2012.  [Doc. 1].  Petitioner's Petition asserts the following three grounds for relief:

(1) the trial court lacked subject matter jurisdiction because the indictment was "fatally flawed" in violation of the Fifth Amendment;

(2) [Petitioner] did not enter his plea knowingly and voluntarily in violation of the Fourteenth Amendment; and

(3) [Petitioner] received the ineffective assistance of counsel in violation of his Sixth Amendment rights. [*Id.*].

**Response** - On August 30, 2012, Respondents filed their Response ("Answer"). [Doc. 11]. Respondents argue that Ground [one, jurisdiction] is a state law claim and is not cognizable in a federal habeas proceeding. [*Id.*]. Respondents concede exhaustion of and argue the meritlessness of Grounds [two and three]. [*Id.*].

**Reply** - On September 11, 2012, Petitioner filed a Reply. [Doc. 14]. Petitioner argues that Ground [one] is cognizable because the underlying flaws in the indictment rendered the proceeding fundamentally unfair, that challenges to subject matter jurisdiction can be raised at any time, and [that] his plea cannot foreclose his [challenge] to the indictment. [*Id.*]. Petitioner further argues the merits of his Grounds 2 and 3. [*Id.*].

## II. Review of Report and Recommendation

On December 10, 2012, the Magistrate Judge filed an R & R recommending that the Petition be denied. (Doc. 15). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

On December 20, 2012, Petitioner filed his Objections to the R & R. (Doc. 17). "The court shall make a *de novo* determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[T]he district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an

objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added).

The R & R recommends that this Court deny the Petition on each ground asserted by Petitioner.  (Doc. 15).  Petitioner objected to the recommendation on each ground.  (Doc. 17).  Therefore, this Court will review the claims for relief *de novo*.

**III.    Review of a State Court Judgment**

Petitioner filed his Petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (Doc. 1 at 1); *see* 28 U.S.C. § 2254.  In this case, Petitioner is in custody pursuant to a state court judgment.  (Doc. 11-1 at 21, 51).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>      (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>      (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).

To apply the standards of 28 U.S.C. § 2254, a "federal court should review the 'last reasoned decision' by a state court," which is difficult "when the state court provided no rationale for its decision on the merits."  *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).  If the state court provides no rationale for its decision, the federal court independently reviews the record to assess whether the state court decision was objectively unreasonable under controlling federal law.  *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003); *see also Harrington v. Richter*, 131 S.Ct 770, 784-85 (2011) (holding that a state court decision that did not provide reasons is still on the merits and entitled to AEDPA deference).  Thus, although the record is reviewed

independently, the federal court nevertheless defers to the state court's ultimate decision. *Himes*, 336 F.3d at 853.

Here, the state superior court denied Petitioner's Petition for Post-Conviction Relief ("PCR"). (Doc. 11-1 at 146-47). The court held that there were "no claims presenting a material issue of fact or law which would entitle the Defendant to relief under Rule 32 and no purpose would be served by any further proceedings." (Doc. 11-1 at 146). The court concluded that Petitioner failed to "present a colorable claim for relief," and dismissed the PCR Petition. (*Id.* at 146-47). The Arizona Court of Appeals summarily denied review of the superior court's decision. (*Id.* at 165).

## IV. Claims in the Petition

### A. Ground One—Jurisdiction

Petitioner originally argued in his Petition that the state court lacked jurisdiction because his charges came from a fatally-flawed indictment. (Doc. 1 at 6). Petitioner alleged that the indictment was flawed because it lacked sufficient facts for him to know the charges against him. (*Id.*). Petitioner argued that the indictment lacked sufficient facts because it included date ranges rather than specific dates and did not differentiate between sex acts. (*Id.*).

Respondent answered and argued that a guilty plea precludes a constitutional challenge of pre-pleading issues in a federal habeas proceeding. (Doc. 11 at 9-10) (citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984) (if advised by competent counsel, a defendant's voluntary and intelligent plea of guilty may not be collaterally attacked in a federal habeas proceeding) (*overruled in part on other grounds by Puckett v. United States*, 556 U.S. 129 (2009)); *United States v. Broce*, 488 U.S. 563, 573 (1989) (a guilty plea forecloses a collateral challenge); *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005) ("[I]t is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects."); *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (when

a defendant pleads guilty upon the advice of counsel, he may only attack the voluntary and intelligent character of the guilty plea)).

The Magistrate Judge recommended that this Court deny relief on Ground One for two reasons.  First, this Court should deny relief because errors of state law, generally, cannot form the basis for habeas relief.  And, second, this Court should deny relief because, under *Tollett v. Henderson*,[1] Petitioner's properly-entered guilty plea was a break in the chain of events that precluded any further challenges to the indictment. (Doc. 15 at 7-9).  Petitioner objected arguing: (1) jurisdiction can be raised at any time, and (2) a guilty plea does not waive a jurisdictional challenge.  (Doc. 17 at 2-3).

### 1.    Habeas relief is not available based on state law errors

Petitioner objects to the conclusion in the R & R that this Court cannot review the issue of whether the state court had jurisdiction.  (Doc. 17 at 2-3) (citing *Rojas v. Kimble*, 361 P.2d 403, 406 (Ariz. 1961) ("jurisdiction may not be waived and can be raised at any stage of the proceedings")).  Under *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), a federal habeas court cannot reexamine state court determinations of state law questions.

This Court agrees with the R & R that this Court cannot review the state law issue of whether the state court had jurisdiction.  (Doc. 15 at 7).  This Court reaches this

---

[1] In *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), the Supreme Court stated:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson,* 397 U.S. 759, 770 (1970)].

conclusion because, by denying relief on Petitioner's PCR petition, the state PCR courts effectively concluded that the state trial court had jurisdiction.  This Court cannot review the state court's decision regarding state law.  Accordingly, the R & R is accepted and relief on Ground One is denied.

### 2.    Guilty plea waiver of jurisdictional challenge

As discussed above, this Court has already determined that it generally cannot review a question of state law in the habeas context.  Petitioner argues, however, that he may raise a challenge to jurisdiction at any time. (Doc. 17 at 2).  In *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998), the Fourth Circuit Court of Appeals suggested that an error of state procedural law might be a basis for habeas review if such error resulted in a defect in the indictment that resulted in a "complete miscarriage of justice" arising from, "a violation of the defendant's most fundamental rights."  Any such exception would not apply in this case because Petitioner waived any defects in the indictment by pleading guilty.

As discussed above, in *Tollett*, the United States Supreme Court held that a guilty plea is a break in the chain of events that precludes a subsequent constitutional challenge.  411 U.S. at 267.  As a result, the only available basis for habeas relief in Petitioner's situation would be for Petitioner to show his counsel was ineffective, and that as a result of that ineffectiveness, Petitioner's plea was not voluntarily and intelligently entered. *Id.*

Petitioner argues he never specifically waived a challenge to the indictment in his plea agreement.  (Doc. 17 at 2).  Nonetheless, the waiver was inherent to the entry of the plea. *See Tollett*, 411 U.S. at 267.  Under *Tollett*, Petitioner broke the chain of events by pleading guilty and cannot now make claims based on defects in the indictment.  Accordingly, for this alternative reason, the Court will deny Petitioner's request for habeas relief on his theory that the state court lacked jurisdiction over his case.   To the extent Petitioner has argued that his plea was not voluntarily and

intelligently entered, the Court will address that argument below in Ground Two.

**B.     Ground Two—Knowing and Voluntary Plea**

Petitioner alleged in the Petition that he did not enter his plea voluntarily and intelligently for two reasons: (1) because the indictment and plea agreement were not clear about the crimes committed; and (2) because the plea agreement did not protect him from double jeopardy.  (Doc. 1 at 7).  The Magistrate Judge recommended that this Court deny relief on Ground Two because, although Petitioner claimed he did not enter his plea voluntarily and intelligently, Petitioner failed to claim that this was due to ineffective assistance of counsel.  (Doc. 15 at 10).  The Magistrate Judge relied on *Hill v Lockhart*, 474 U.S. 52,  56-57 (1985), which held that a defendant who pleads guilty with advice of counsel may only attack the knowing and intelligent character of the plea by showing ineffective advice from that counsel.  (Doc. 15 at 9).

Petitioner objects to the denial of Ground Two, arguing he did not voluntarily and intelligently enter his plea because no one at the plea hearing understood the charges and because the State did not prove the victim's age before relying on it for sentencing.  (Doc. 17 at 3-4).  Consistent with *Hill*, this Court accepts and adopts the recommendation of the R & R that this Court cannot consider a direct claim that the plea was not voluntarily and intelligently entered when such a claim is not brought as an ineffective assistance of counsel claim.  To the extend in Ground Three Petitioner argues in his objections that his plea was not voluntary and intelligent due to ineffective assistance of counsel, the Court will address that claim below.

**C.     Ground Three—Ineffective Assistance of Counsel**

Petitioner argues in his Petition that his counsel failed to subject the prosecution to meaningful challenge and failed to perform discovery.  (Doc. 1 at 8-9).  The R & R recommends this Court deny relief on these theories.  (Doc. 15 at 12-19).  The R &R makes this recommendation because these challenges  (counsel's failure to move to remand to the grand jury, failure to file a motion to suppress, failure to conduct pretrial

discovery, failure to discuss strategy, and failure to challenge the sufficiency of the indictment) were all waived when Petitioner pled guilty. (Doc. 15 at 13 (citing *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) (pre-plea ineffective assistance of counsel unrelated to the plea itself is waived by a guilty plea))). Petitioner does not reassert these theories of relief in his Objections. (Doc. 17 at 5-6). The Court hereby adopts and accepts the recommendation in the R & R that this Court deny relief on these theories.

In his Objections, Petitioner argues that the ineffectiveness of his counsel caused his plea to not be voluntarily and intelligently entered. (Doc. 17 at 7). Petitioner reiterates that in the plea agreement and at the plea hearing, it was impossible to establish which crime occurred during what specific time period. (Doc. 17 at 6). Petitioner argues that he, his counsel, and the court "merely guess[ed]" to correlate a crime to an indictment count, making his plea neither voluntary nor intelligent. (*Id.*).

Under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, "[a]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and quotations omitted).

In his objections, Petitioner acknowledges that generally one must analyze an ineffective assistance claim under *Strickland*. However, Petitioner argues *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012), extended the requirement of effective assistance of counsel to the plea negotiation stage of the case; and claims that analyzing his claim under only *Strickland* is error. (Doc. 17 at 6). Unlike this case, *Frye* involved an attorney who failed to inform his client of a plea offer. *Id.* at 1405. Here, Petitioner accepted a plea offer, so clearly his counsel communicated the plea to him. (Doc. 11-1 at 57).

Moreover, in *Frye*, the Supreme Court held that "ineffective assistance of counsel in the plea bargain context [is] governed by the two-part test set forth in *Strickland*." *Id.* at 1405 (citing *Hill*, 474 U.S. at 57). Thus, this Court must analyze Petitioner's claims of ineffective assistance of counsel under this two-part test, which, as discussed above, requires Petitioner to prove that: (1) counsel's performance was deficient, and (2) that deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

### 1.    Deficient Performance

To establish deficient performance, Petitioner must show that counsel's representation "fell below an objective standard of reasonableness," and was "outside the wide range of professionally competent assistance." *Wiggins v. Smith*, 539 U.S. at 521 (citation omitted); *Strickland*, 466 U.S. at 690. Petitioner argues that his counsel failed to challenge the lack of specificity regarding the sexual acts and dates of occurrence in the charges to which Petitioner pled guilty. (Doc. 17 at 5-6). Petitioner contends that under *United State v. Bradley*, 381 F.3d 641 (7th Cir. 2004), a plea is not intelligent if everyone involved misunderstood the nature of the charges. (Doc. 17 at 7). However, in *Bradley* the prosecutor misstated what was required to prove the offense charged. 381 F.3d at 646. Here, unlike *Bradley*, the plea agreement and discussion on the record at the plea hearing were accurate. (Doc. 11-1 at 51, 64).

Additionally, *Frye* affirmed cases holding that the court and counsel can establish a defendant's understanding of the plea by making a record at the plea hearing. 132 S. Ct. at 1406. Accordingly, the record made at the time of the plea hearing in this case is evidence that Petitioner voluntarily and intelligently entered his guilty plea.

Specifically, at the plea hearing, Petitioner's attorney addressed the court about the range of dates and types of sexual acts in the indictment and plea agreement, and the judge questioned Petitioner regarding the factual basis of his plea. (Doc. 11-1 at 93-

94).   The judge questioned Petitioner as to whether he had sexual activity with the minor during those periods of time; and, Petitioner acknowledged on the record that he did.  (*Id.* at 94).   This record from the plea hearing establishes that Petitioner's counsel acted reasonably and that Petitioner voluntarily and intelligently entered his plea. Accordingly, Petitioner has failed to establish deficient performance by his counsel.

### 2.   **Prejudice**

To establish prejudice, a petitioner must show a reasonable probability that the outcome would have been different without the alleged deficient performance of counsel.  *Strickland*, 466 U.S. at 694.  A reasonable probability is one that undermines confidence in the outcome.  *Id.*  In the case of a petitioner who pled guilty, Petitioner must establish reasonable probability that he would not have pled guilty and would have insisted on going to trial if his counsel had provided effective assistance.  *Hill*, 474 U.S. at 60.

Petitioner alleges in his Objections that his counsel committed unprofessional errors.  (Doc. 17 at 5).  He argues that but for those errors, he would not have entered the guilty plea and would have gone to trial.  (*Id.*).  As the R & R notes, Petitioner enter a plea with a sentencing range of 13 to 27 years, and Petitioner received a sentence of 20 years.  (Doc. 15 at 23).  However, if Petitioner had gone to trial, he faced a minimum sentence 221 years and a maximum sentence of 459 years.  (*Id.*).   Additionally, there was overwhelming evidence of Petitioner's guilt including the physical evidence and Petitioner's own admissions.

Petitioner still fails to offer any factual defense to the charges against him. Instead, Petitioner simply claims he would have gone to trial because he did not understand his plea.[2]   Given how favorable Petitioner's plea was in the face of the

---

[2]   Specifically, Petitioner's argument that he would have gone to trial is as follows:

> It's like a fortuneteller trying to quote scripture to a Christian.  In fact, speaking of "fortunetelling," the [Magistrate Judge] merely denies the

evidence against Petitioner and the potential sentence Petitioner was facing, even if Petitioner's counsel's performance was deficient, Petitioner was not prejudiced. Accordingly, relief on this claim will be denied.

**V.      Certificate of Appealability ("COA")**

A judge may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   The standards for granting a COA are the same for petitions under § 2254 and § 2255.  *See United States v. Martin*, 226 F.3d 1042, 1046 n.4 (9th Cir. 2000).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. at 484.

In this case, as to Petitioner's first two Grounds, the Court finds that jurists of reason would not find this Court's procedural ruling debatable.  As to Petitioner's third Ground, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court will deny Petitioner's request for a COA.

---

Petitioner relief because somehow the Petitioner did not use his psychic powers in order to see into the future to determine that, "The defendant must show [] that but for counsel's errors, he would have gone to trial or received a better plea bargain."   If even the Petitioner were able to accurately predict the outcome, would not this Court then accuse the Petitioner of being a "witch"? …

(Doc. 17 at 5).

1

**VI.     Conclusion**

2          **IT IS ORDERED** that the R & R (Doc. 15) is accepted and adopted, the

3    Objections (Doc. 17) are overruled, the Petition (Doc. 1) is denied, with prejudice; the

4    Clerk of the Court shall enter judgment accordingly.

5          **IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing

6    Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of

7    a certificate of appealability.

8          Dated this 22nd day of May, 2013.

9

10

11    _____

12                James A. Teilborg
              Senior United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28